IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LYNETTE BARRETT, *et al.*,          )
                                    )
    Plaintiffs,              )
                                    )
v.                                  )   Civil No. 3:06-0017
                                    )   Judge Trauger
WHIRLPOOL CORPORATION,              )
                                    )
    Defendant.               )

### MEMORANDUM and ORDER

The plaintiffs have filed a Motion For Leave to File a Second Amended Complaint (Docket No. 55), to which the defendant has responded in opposition (Docket No. 57), and the plaintiffs have replied (Docket No. 60). The plaintiffs seek to add a claim under 42 U.S.C. § 1981 and to clarify the allegations of Lynn McCray. Without citing a single case in support of its position, the defendant claims that adding a § 1981 claim would "expand the temporal scope of Plaintiffs' current Title VII claims" and, therefore, increase the size of the putative class. (Docket No. 57 at 2).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court stated:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave sought

1

> should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182 (internal citations omitted). Thus, leave should be given unless there is a showing of undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment. *Id.*; see also *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). The Sixth Circuit has found that "[t]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleading." *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

This case was filed in January 2006 (Docket No. 1), the initial case management conference was held on March 13, 2006 (Docket No. 51), and this motion to amend was filed May 5, 2006 (Docket No. 55). Certainly the plaintiffs are not guilty of undue delay. The defendant does not allege bad faith, dilatory motive or futility of the proposed amendment in its opposition. So, the court is left to analyze whether there is undue prejudice to the defendant by allowing this amendment.

This case is related to and a "spin-off" of a case filed in 2003 against this same defendant, *Armstrong v. Whirlpool Corporation*, Case No. 3:03-1250, which is still pending in this court. The African-American plaintiffs who brought that class action case alleged from the beginning a claim under 42 U.S.C. § 1981. (Docket No. 1, Case No. 3:03-1250) Therefore, allegations that the white plaintiffs in this case, who supported their African-American fellow employees allegedly suffering race discrimination in the defendant's workplace, cannot be new

2

to the defendant or surprise the defendant in any way. The court notes that, though the defendant complains that the amendment would "expand the temporal scope" back four years, it does not claim prejudice from the amendment, as this truly would ring hollow in light of the early assertion of a §1981 claim in the *Armstrong* case. This claim arises out of allegations of which the defendant has been aware for three years, and the court finds no prejudice in the allowance of this amendment to add a claim under § 1981.

As to the objections to amend the allegations made by Lynn McCray, she obviously had some names confused, admitting "I'm really bad with names" (Docket No. 57, Ex. 2 at 3), and the plaintiffs will be entitled to correct and clarify her allegations.

For the reasons expressed herein, the plaintiffs' Motion For Leave to File a Second Amended Complaint (Docket No. 55) is **GRANTED**.

It is so **ORDERED.**

Enter this 14th day of August 2006.

_____
ALETA A. TRAUGER
U.S. District Judge