IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TREVA NICKENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:06-0017 |
| ) | Judge Trauger |
| WHIRLPOOL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

The plaintiff has filed a Motion to Vacate Judgment And Grant A New Trial (Docket No. 283), to which the defendant has responded in opposition (Docket No. 285). The plaintiff has moved for a new trial pursuant to Rule 59(a)(1), FED. R. CIV. P., which provides, in part:

> The court may, on motion, grant a new trial on all or some of the issues. . .after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; . . . ."

The Sixth Circuit has determined that new trials under this rule should only be granted "when a jury has reached a 'seriously erroneous result' as evidenced by : (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Mitchell v. Boelcke*, 440 F.3d 300, 303 (6th Cir. 2005) (internal citations omitted). Here, the plaintiff moves for a new trial solely on the basis that the verdict was against the weight of the evidence. When this is the ground for the motion, "the court is not to set aside the verdict simply because it believes that another outcome is more justified. . . . The court is to accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Denhof v. City of Grand*

1

*Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (internal citations omitted).

This lengthy trial primarily came down to credibility determinations by the jury. There was much conflicting testimony, and it is apparent that the jury resolved most of those issues against the plaintiff. A motion for new trial should be denied "if the verdict was one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact." *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir. 1996) (internal citations omitted). A verdict "should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable." *J.C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991) (internal citations omitted).

The court finds that the verdict of this jury was one that reasonably could be reached. Therefore, granting a new trial on the basis of the verdict being against the weight of the evidence is inappropriate. For the reasons expressed herein, the Plaintiff's Motion to Vacate Judgment And Grant A New Trial (Docket No. 283) is **DENIED**.

It is so **ORDERED**.

ENTER this 21st day of September 2009.

_____
ALETA A. TRAUGER
U.S. District Judge